# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Dorothy Gambuzza and Joseph Gambuzza, H/W

**DEFENDANTS**
Sands Bethworks Gaming. LLC, d/b/a Sands Casino Resort Bethlehem

**(b)** County of Residence of First Listed Plaintiff: Monmouth County, NJ
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Northhampton
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Scott A. Portner, Esq./Freedman & Lorry, P.C.
1601 Market St., Ste. 1500, Philadelphia, PA 19103
(215) 931-2564

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☒ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. Sec. 1332
Brief description of cause:
Plaintiff caused to trip or slip over an electrical cord on casino floor.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $ In excess of $150,000.00
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE: 8/9/17
SIGNATURE OF ATTORNEY OF RECORD: Scott Portner

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 45 Suffolk Way, Marlboro, NJ 07746

Address of Defendant: 77 Sands Boulevard, Bethlehem, PA 18015

Place of Accident, Incident or Transaction: Sands Casino Report Bethlehem
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))    Yes☐   No☒

Does this case involve multidistrict litigation possibilities?    Yes☐   No☒

RELATED CASE, IF ANY:
Case Number: _____   Judge: _____   Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?    Yes☐   No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?    Yes☐   No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?    Yes☐   No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?    Yes☐   No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☒ Other Personal Injury (Please specify) Premises Liability
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify) _____

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, Scott A. Portner, Esquire, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: 8/9/17    *Scott Portner*    85314
                Attorney-at-Law          Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 8/9/17    *Scott Portner*    85314
                Attorney-at-Law          Attorney I.D.#

CIV. 609 (5/2012)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | |
|---|---|
| Dorothy Bambuzza and Joseph Gambuzza, H/W<br>v.<br>Sands Bethworks Gaming, LLC, d/b/a Sands Casino Resort Bethlehem | CIVIL ACTION<br><br>NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.                ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.                ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.                ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)                ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.                (X)

| 8/9/17 | Scott A. Portner, Esquire | Scott Portner |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** Plaintiffs |
| 215-931-2564 | 215-925-7516 | sportner@freedmanlorry.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

**Civil Justice Expense and Delay Reduction Plan**
**Section 1:03 - Assignment to a Management Track**

(a)     The clerk of court will assign cases to tracks (a) through (d) based on the initial pleading.

(b)     In all cases not appropriate for assignment by the clerk of court to tracks (a) through (d), the plaintiff shall submit to the clerk of court and serve with the complaint on all defendants a case management track designation form specifying that the plaintiff believes the case requires Standard Management or Special Management. In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

(c)     The court may, on its own initiative or upon the request of any party, change the track assignment of any case at any time.

(d)     Nothing in this Plan is intended to abrogate or limit a judicial officer's authority in any case pending before that judicial officer, to direct pretrial and trial proceedings that are more stringent than those of the Plan and that are designed to accomplish cost and delay reduction.

(e)     Nothing in this Plan is intended to supersede Local Civil Rules 40.1 and 72.1, or the procedure for random assignment of Habeas Corpus and Social Security cases referred to magistrate judges of the court.

**SPECIAL MANAGEMENT CASE ASSIGNMENTS**
**(See §1.02 (e) Management Track Definitions of the**
**Civil Justice Expense and Delay Reduction Plan)**

Special Management cases will usually include that class of cases commonly referred to as "complex litigation" as that term has been used in the Manuals for Complex Litigation. The first manual was prepared in 1969 and the Manual for Complex Litigation Second, MCL 2d was prepared in 1985. This term is intended to include cases that present unusual problems and require extraordinary treatment. See §0.1 of the first manual. Cases may require special or intense management by the court due to one or more of the following factors: (1) large number of parties; (2) large number of claims or defenses; (3) complex factual issues; (4) large volume of evidence; (5) problems locating or preserving evidence; (6) extensive discovery; (7) exceptionally long time needed to prepare for disposition; (8) decision needed within an exceptionally short time; and (9) need to decide preliminary issues before final disposition. It may include two or more related cases. Complex litigation typically includes such cases as antitrust cases; cases involving a large number of parties or an unincorporated association of large membership; cases involving requests for injunctive relief affecting the operation of large business entities; patent cases; copyright and trademark cases; common disaster cases such as those arising from aircraft crashes or marine disasters; actions brought by individual stockholders; stockholder's derivative and stockholder's representative actions; class actions or potential class actions; and other civil (and criminal) cases involving unusual multiplicity or complexity of factual issues. See §0.22 of the first Manual for Complex Litigation and Manual for Complex Litigation Second, Chapter 33.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DOROTHY GAMBUZZA and JOSEPH GAMBUZZA, H/W<br>45 Suffolk Way<br>Marlboro, NJ 07746, | CIVIL ACTION<br><br>NO. |
| Plaintiffs | |
| VS. | |
| SANDS BETHWORKS GAMING, LLC,<br>d/b/a SANDS CASINO RESORT BETHLEHEM<br>77 Sands Boulevard<br>Bethlehem, PA  18015 | |
| Defendant. | |

## COMPLAINT
## JURY TRIAL DEMAND

1. The Plaintiffs Dorothy and Joseph Gambuzza are husband and wife and are citizens and residents of the State of New Jersey residing at 45 Suffolk Way, Marlboro, NJ 07746.

2. Defendant Sands Bethworks Gaming, LLC, d/b/a Sands Casino Resort Bethlehem ( the "Defendant") is a limited liability company organized and existing under the laws of the Commonwealth of Pennsylvania with its principal place of business located at 77 Sands Boulevard, Bethlehem, PA 18015.

3. The jurisdiction of this Court arises under 28 U.S.C. §1332, there being diversity of citizenship between the parties and the amount in controversy, exclusive of interest and costs, being in excess of One Hundred and Fifty Thousand Dollars ($150,000.00).

4. Venue is appropriate in this Court since a substantial part of the events giving rise to the claim occurred in this judicial district.

5. On September 15, 2016, and at all times pertinent to this case, the Defendant owned, operated, possessed and controlled the Sands Casino Resort Bethlehem located at 77 Sands Boulevard, Bethlehem, PA.

6. On September 15, 2016, the Plaintiffs Dorothy and Joseph Gambuzza were customers and business invitees at the aforedescribed Sands Casino Resort Bethlehem.

7. At approximately 9:00 a.m. on September 15, 2016 the Plaintiff Dorothy Gambuzza was on the casino floor walking toward the poker slot machines that she intended to play.

8. At the aforesaid time and place, as Mrs. Gambuzza was walking on the casino floor, she was caused to trip or slip over an electrical cord which was stretched across the casino floor, causing her to lose her balance and fall forward on her right shoulder and sustain the injuries which are the subject of this action.

9. The injuries sustained by the Plaintiff Dorothy Gambuzza on or about September 15, 2016, as set forth below, were caused by the carelessness and negligence of Defendant, acting through its agents, servants, workmen and employees.

10. Defendant, acting through its agents, servants, workmen and employees, was careless and negligent, **inter alia**, in the following manner:

    a) Stretching an electrical cord and appliances across the walking surface of the casino floor without providing adequate warnings to casino patrons;

    b) Moving the electrical cord in such a manner as to cause the Plaintiff Dorothy Gambuzza to trip or slip over the cord and lose her balance and fall to the casino floor;

    c) Failing to properly monitor the position of the cord in order to be in a position to prevent the cord from becoming a tripping or slipping hazard;

    d) Failing to provide casino patrons with a safe walking surface;

e) Failing to properly train and instruct its agents, servants, workmen and employees regarding the proper inspection and maintenance of the premises and the prevention of tripping or slipping hazards;

f) Failing to use due care under the circumstances.

11. By reason of the carelessness and negligence of Defendant, as aforesaid, the Plaintiff Dorothy Gambuzza was caused to sustain multiple injuries including, but not limited to, a right shoulder full-thickness rotator cuff tear, a right shoulder impingement syndrome, a type 2 superior lateral tear from anterior to posterior, a right shoulder biceps tenosynovitis and a partial subscapular tear. She has developed right shoulder acromioclavicular arthritis, she sustained other orthopedic, neurological, internal and psychological injuries; she sustained severe shock and injury to her nerves and nervous system; she has in the past required and may in the future continue to require medicines, medical care and attention; she has in the past suffered and will continue to suffer agonizing aches, pains and mental anguish; she has in the past been disabled and may in the future be disabled from performing her usual duties, occupations and avocations.

WHEREFORE, Plaintiff Dorothy Gambuzza claims damages of the Defendant Sands Bethworks Gaming, LLC, d/b/a Sands Casino Resort Bethlehem for a sum in excess of One Hundred and Fifty Thousand Dollars ($150,000.00) in damages, together with interest and costs, and brings this action to recover same.

**COUNT II – CLAIM OF PLAINTIFF JOSEPH GAMBUZZA AGAINST DEFENDANT**

12. Plaintiffs repeat and reallege each and every allegation set forth in paragraphs 1 through 11 as if fully set forth herein.

13. By reason of the carelessness and negligence of the Defendant, as aforesaid, and the resulting injuries suffered by the Plaintiff Dorothy Gambuzza, the Plaintiff Joseph Gambuzza

has been and will in the future be deprived of the assistance, society, companionship, comfort and consortium of his wife, the Plaintiff, Dorothy Gambuzza, to his detriment and loss.

WHEREFORE, Plaintiff Joseph Gambuzza demands judgment against Defendant Sands Bethworks Gaming, LLC, d/b/a Sands Casino Resort Bethlehem on this Count II, for a sum in excess of One Hundred and Fifty Thousand Dollars ($150,000.00) in damages, together with interest and costs and brings this action to recover same.

**FREEDMAN & LORRY, P.C.**

BY: *Scott Portner*
SCOTT A. PORTNER, ESQUIRE
Attorney for Plaintiffs
I.D. No. 85314
1601 Market Street, Suite 1500
Philadelphia, PA 19103
(215) 931-2564
sportner@freedmanlorry.com